[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Defendant-appellant Derald Terry was convicted of aggravated robbery with a gun specification, robbery, and two counts of felonious assault with gun specifications. Originally, the trial court sentenced Terry to serve a ten-year term for aggravated robbery, a consecutive three-year term for the gun specification, and two concurrent five-year sentences for felonious assault, which were made consecutive to the sentence for aggravated robbery. Because we held in Terry's first appeal to this court that the trial court had neglected to make the necessary findings or to give its reasons for imposing consecutive sentences, we vacated the consecutive sentences and remanded the case for resentencing.[1] We held that the court had failed to find that consecutive sentences were disproportionate neither to Terry's conduct nor to the danger that he posed to the public, and that the court failed to provide its reasons for its findings that consecutive sentences were required by Terry's criminal history and that consecutive service was necessary to protect the public from future crime or to punish the offender. We remanded the case to the trial court for resentencing. Terry was resentenced to ten years for aggravated robbery, two concurrent five-years terms for each the two felonious assault charges, which were made consecutive to the ten-year sentence for aggravated robbery, and three concurrent three-year terms for the gun specifications, which were made consecutive to the underlying counts.[2]
Terry now appeals his sentence for a second time arguing again that the trial court erred in imposing consecutive sentences for the underlying counts of aggravated robbery and felonious assault. Terry maintains that the trial court applied the wrong code section when imposing consecutive sentences and that the court did not give its reasons for finding that Terry's criminal history required consecutive sentences.
Before imposing consecutive sentences, the trial court had to find that consecutive sentences were necessary to protect the public from future crime or to punish Terry, and that consecutive sentences were not disproportionate to the seriousness of Terry's conduct and to the danger that he posed to the public.[3] Further, the court had to find that one of the factors listed in R.C. 2929.14(E)(4)(a) through (c) was applicable. And the court had to provide its reasons for each finding.[4]
While the trial court did cite to the incorrect code section during sentencing, that did not amount to a reversible error because the court also made the correct statutory findings on the record and in the felony sentencing worksheet. In its remarks, the court effectively found that the consecutive sentences were not disproportionate to the seriousness of Terry's conduct and the threat that he posed to the public, when the court discussed the commission of Terry's offenses. Additionally, the court found that "consecutive service is necessary to protect the public from future crime or to punish the offender," when the court recorded on its worksheet and repeated from the bench its determination that consecutive sentences were "necessary to fulfill the purposes of R.C.2929.11." Finally, the court found that, pursuant to R.C. 2929.14(E)(4)(c), consecutive sentences were required due to Terry's history of criminal conduct, particularly his involvement with "major crimes." In addition to making the statutory findings, the court provided its reasons for imposing consecutive sentences on the record. Accordingly, we hold that the trial court did not err in ordering the sentences to run consecutively.
Terry's assignment of error is overruled, and the judgment of the trial court is affirmed. Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Gorman, P.J., Sundermann and Winkler, JJ.
[1] State v. Terry, 1st Dist. No. C-000782, 2001-Ohio-4024.
[2] No sentence was imposed for robbery because the trial court found it to be an allied offense of similar import.
[3] See R.C. 2929.14(E)(4).
[4] See R.C. 2929.19(B)(2)(c); State v. Edmonson, 86 Ohio St.3d 324,1999-Ohio-110, 715 N.E.2d 131.